IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br><br>PETER ANTONIO TUBENS,<br><br>Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br><br>Case No. 2:11-cr-579-TC |

Pro se defendant Peter Antonio Tubens filed a motion for compassionate release under 18 U.S.C. § 3582, asking the court to reduce his sentence in the custody of the United States Bureau of Prisons (BOP) to time served.  (See Mar. 22, 2021 Mot. Pursuant to 3582(c)(1)(A) for Modification, ECF No. 124.)  First he asserts the court should reduce his sentence because his medical condition justifies release.  Second, he claims his sentence should be modified based on "extraordinary and compelling circumstances" because his sentence is disproportionate in light of Congress' recent changes to certain mandatory minimum sentences and other sentencing factors.

Because Mr. Tubens has not exhausted his administrative remedies for his request based on "extraordinary and compelling circumstances" (his disproportionate-sentence claim), the court denies that portion of the motion without prejudice.  He did, however, exhaust his remedies for his claim that he should be released for medical reasons.  Accordingly, the court will review that request on the merits in a subsequent order after full briefing.

1

## ANALYSIS

Mr. Tubens brings his motion under 18 U.S.C. § 3582, as amended by the First Step Act[1] (often referred to as the compassionate release statute). According to the statute, the court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that … extraordinary and compelling reasons warrant such reduction ... and that such a reduction is consistent with applicable policy statements by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Before Congress passed the First Step Act, only the BOP could bring a motion under § 3582 requesting that the court reduce a prisoner's sentence. Now the court may consider the issue either upon a motion from the BOP or "upon motion of the defendant after the defendant has fully exhausted all administrative rights" with the BOP. 18 U.S.C. § 3582(c)(1)(A). If the BOP has not filed a motion on the defendant's behalf, the defendant, to be eligible for the court's consideration of his motion for release under the Act, must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Id. In other words, the defendant must request a motion from the BOP prison's warden, and if the BOP does not file such a motion within thirty days of receiving the request, the defendant may file a motion on his own behalf.

Here, Mr. Tubens does not provide evidence that he has exhausted his administrative remedies for his claim that he should be released because his sentence is disproportionate. Because exhaustion is a prerequisite to this court's consideration of that issue, the court denies his motion (ECF No. 124) in part without prejudice. If Mr. Tubens files another motion with

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

proof that he has satisfied the statute's exhaustion criteria for the disproportionate-sentence claim, the court will consider the merits of that request. The court will, however, address the remainder of Mr. Tubens' argument—release based on his medical condition—in a separate order on the merits after briefing.

    SO ORDERED this 8th day of April, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge