IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER ANTONIO TUBENS,<br><br>Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:11-cr-579-TC |

Peter Tubens, who is serving a 20-year sentence for a drug offense, has filed a motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), asserting that the court has "extraordinary and compelling reasons" to reduce his sentence and release him from custody.  To justify the relief he seeks, he cites health concerns (in particular, the risk of severe illness or death from COVID-19) and sentencing disparities (including a 2018 amendment to the statute under which he was sentenced in 2013).  For the reasons set forth below, the court denies his motion.

### A. <u>Exhaustion of Remedies</u>

The First Step Act requires a defendant to exhaust his administrative remedies before petitioning the court for relief.  18 U.S.C. § 3582(c)(1)(A).  To do so, he must first submit a request to the Director of the Bureau of Prisons (BOP) asking the Director to bring a motion on the defendant's behalf seeking reduction of his term of imprisonment.  <u>Id.</u>  After the BOP denies

his request, or if thirty days have passed since the date of the request (whichever is earlier), the defendant may file his own motion with the court.  Id.

Mr. Tubens has exhausted his administrative remedies.  He submitted two requests to the Director of the BOP for a motion seeking compassionate release, in which he cited the reasons he now raises with the court.  The Director denied both requests.  (See Ex. 1 to Tubens Mot. Pursuant to 3582(c)(1)(A) for Modification at pp. 2–3, ECF No. 124-1 (BOP denial of request for release based on medical reasons); Tubens Mem. in Support of and Amended 3582(c)(1)(A) at pp. 7–8, ECF No. 133 (BOP denial of request for release based on disproportionate sentence).) Accordingly, the court may review Mr. Tubens' motion on the merits.

**B.  Extraordinary and Compelling Reasons**

Once a defendant has satisfied the exhaustion requirement, the court applies a three-step test to determine whether to reduce the sentence and release the defendant.  United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  In step one, the court determines "whether extraordinary and compelling reasons warrant a sentence reduction."  Id. at 1042 (internal quotations omitted).  If the defendant satisfies this threshold step, the court then considers, under step two, "whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Id. (internal quotations and emphasis omitted).  Finally, if the answer under step two is "yes," the court, in step three, "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."  Id. (internal quotations omitted).  "'[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.'"  Id. at 1043 (quoting United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021)).  As

discussed below, Mr. Tubens has not satisfied the threshold requirement in step one, so the court need not address steps two and three of the test.

1. COVID-19 Risks

Citing his age and his medical conditions, Mr. Tubens contends that COVID-19 poses a serious risk to his health, which constitutes an extraordinary and compelling reason for release. Mr. Tubens, who is 60 years old, states that he has "ADD[,] depression, sleep apnea, anxiety[, and] hyperactiv[ity]."  (Ex. C to United States Opp'n Mem., ECF No. 139-3.)  His age and some of those conditions do place him at heightened risk of severe illness or death if infected with the virus.  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html; https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.

But at the time he filed his motion, he had already contracted and recovered from the virus.  His medical records show he was asymptomatic and that he has not experienced any long-term effects of the virus.  He has also received two regular doses of the COVID-19 vaccine and a booster shot.  Nevertheless, despite his previous experience with the virus and his subsequent vaccination, he contends he still faces a high risk of severe disease or death while in prison.  This, he says, is an extraordinary and compelling reason for his release.

The court disagrees.  Mr. Tubens is fully vaccinated and healthy.[1]  Additionally, he had an asymptomatic case of COVID-19 and has no lingering effects from the infection.  These facts take him out of the realm of "extraordinary and compelling."

---

[1] According to Mr. Tubens' medical records, the BOP medical staff are monitoring and managing Mr. Tubens' mental health issues.  (See, e.g., Ex. G to United States' Opp'n Mem. (July 2021 to January 2022 medical records) at 26, 29, ECF No. 140-6.)

Many courts have addressed, and rejected, arguments such as his for good reason.  In particular, the COVID-19 vaccine is designed to greatly reduce the chance of severe illness and death.  Indeed, in United States v. Hald, the Tenth Circuit stated there is "certainly room for doubt" that a fully vaccinated individual could establish "extraordinary and compelling reasons" for release based on COVID-19 risks in a correctional facility.  8 F.4th 932, 936 n.2 (10th Cir. 2021).  See also, e.g., United States v. Cheek, No. 2:17-cr-606-TS, 2022 WL 294866, at *2 (D. Utah Feb. 1, 2022) (denying compassionate release motion of vaccinated inmate who had recovered from COVID-19); United States v. Ramirez, No. 2:09-cr-784-TS, 2021 WL 4170777, at *2 n.3, n.5 (D. Utah Sept. 14, 2021) (denying fully-vaccinated defendant's compassionate release motion); United States v. Smith, No. 2:98-cr-0009-KJM-CKD, 2021 WL 1890770, at *3 (E.D. Cal. May 11, 2021) ("[D]istrict courts across the country, including within this Circuit, have held almost uniformly that a defendant's vaccination undercuts any claims of 'extraordinary and compelling reasons' based on a high risk of infection.") (collecting cases); United States v. Burgoon, No. 07-20072-05-JWL, 2021 WL 1736873, at *2 (D. Kan. May 3, 2021) (denying compassionate release motion by fully vaccinated obese prisoner who had recovered from COVID-19) (collecting cases); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–44, 845 ( (D. Ariz. 2021) (collecting cases representing "growing consensus" that a defendant's COVID-19 vaccination "weighs against a finding of extraordinary and compelling circumstances"); United States v. Ulmer, Criminal No. 18-00579-3, 2021 WL 844579, at *2 (E.D. Penn. Mar. 5, 2021) (finding that inmate's "minor health concerns, recent recovery from COVID-19 and vaccination [did not] come close to establishing extraordinary and compelling reasons for his release"); United States v. Anico, Criminal No. 19-86, 2020 WL 5407913, at *4 (E.D. Penn. Sept 9, 2020) (collecting cases holding that no extraordinary and compelling reasons existed when

inmate had already contracted COVID-19).  As so many other district courts have concluded in analogous cases, the court sees no reason to grant Mr. Tubens' request for compassionate release based on his COVID-19 concerns.

2.  <u>Amendments to Mandatory Minimum Sentences for Drug Crimes</u>

Mr. Tubens alternatively argues that a 2018 amendment to sentence enhancements for drug crimes creates an extraordinary and compelling reason for his early release.

In 2013, a jury convicted Mr. Tubens of one count of Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1).  Altogether, he possessed 1,128 grams of actual methamphetamine.

At the time Mr. Tubens was convicted, he faced a mandatory minimum 20-year sentence under the sentencing enhancement provision aimed at any defendant who had previously been convicted of a "felony drug offense."  21 U.S.C. § 841(b)(1)(A) (2013).  Without the sentencing enhancement, the mandatory minimum was (and remains) ten years.  <u>See</u> 21 U.S.C. § 841(b)(1)(A) (a person's violation of § 841(a)(1) involving 50 grams or more of methamphetamine requires "a term of imprisonment which may not be less than 10 years or more than life").  Mr. Tubens' 1994 conviction for conspiracy to possess with intent to distribute marijuana[2] served as the basis for his sentence enhancement because the crime fell within the statute's definition of a "felony drug offense."  21 U.S.C. § 802(44) (2013) (defining "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct

---

[2] Mr. Tubens was convicted in federal court in 1994 for transporting thirty pounds of marijuana for distribution, for which he was sentenced to 21 months in custody and 36 months supervised release.

relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances").
(See also Dec. 20, 2012 Information, ECF No. 46; Pre-Sentence Report ¶ 32, ECF No. 141-1.)

Based on the probation officer's calculation of Mr. Tubens' sentencing guideline range under the U.S. Sentencing Guidelines, his recommended sentence ranged from thirty years to life. But the court exercised its discretion and sentenced Mr. Tubens to the mandatory minimum of twenty years imprisonment followed by five years of supervised release. He has served approximately half of that sentence, and the BOP projects that he will be released in March 2029.

Mr. Tubens contends that if he were sentenced today, he would have received a 10-year, rather than a 20-year, sentence, because his marijuana conviction would not qualify as a sentence-enhancing crime under the recently amended § 841(b)(1). He is referring to the First Step Act, which Congress passed five years after the court sentenced Mr. Tubens. In the Act, Congress amended the sentence enhancement portion of § 841(b) by basing the enhancement on a prior conviction for a "serious drug felony," a stricter standard than the "felony drug offense" definition applied to Mr. Tubens. See First Step Act, Pub. L. No. 115-391, § 401(a)(2), 132 Stat. 5194 (2018). Mr. Tubens' 1994 marijuana conviction does not fall within the definition of a "serious drug felony."[3] Accordingly, if he were sentenced today, the sentencing enhancement would not apply and he would face a minimum sentence of ten, rather than twenty, years.[4] Congress, however, did not make the amendment retroactive.

---

[3] See United States Opp'n Mem. at 20 ("The Government concedes that if Defendant had been sentenced after the First Step Act was enacted, the prior marijuana conviction that the Court apparently relied on to enhance his sentence to a mandatory minimum of 20 years would not have qualified for enhancement because it would not have constituted a 'serious drug felony.'").
[4] Congress also reduced the mandatory minimum sentence for defendants who qualify for a sentencing enhancement to fifteen years. First Step Act § 401(a)(2).

Recognizing that the change is not retroactive, Mr. Tubens, in his pro se motion,[5] apparently makes a policy and equity argument that his marijuana offense did not rise to a level justifying his 20-year sentence.  He notes that some states have decriminalized marijuana.  He also relies on the fact that Congress tightened the definition of crimes that trigger sentence enhancements.  Although it is not altogether clear, Mr. Tubens seems to be saying that because Congress found that enhancing a sentence based on a previous marijuana conviction such as his was inequitable and because the First Step Act authorizes a court to reduce a sentence for equitable reasons, the court should exercise its authority to release him.

When determining whether extraordinary and compelling reasons exist, the court may consider that the First Step Act reduced mandatory minimum sentences required by § 841(b)(1)(A), even though Congress did not make that change retroactive for defendants who were sentenced under the old provision.  McGee, 992 F.3d at 1046.  The court may also consider that Congress narrowed the requirements for a sentencing enhancement.  Id. at 1046–47.  In other words, the court may look at the severity of the defendant's sentence and the disparity between that sentence and what defendants would receive today under the First Step Act.

> The plain text of § 401(c) of the First Step Act makes clear that Congress chose not to afford relief to *all* defendants who, prior to the First Step Act, were sentenced to [a mandatory minimum sentence] under § 841(b)(1)(A).  But nothing in § 401(c) or any other part of the First Step Act indicates that Congress intended to prohibit district courts, on an individualized, case-by-case basis, from granting sentence reductions under § 3582(c)(1)(A)(i) to *some* of those defendants.

Id. at 1047 (emphasis in original).  But "the fact a defendant is serving a pre-First Step Act mandatory [minimum] sentence imposed under § 841(b)(1)(A) cannot, standing alone, serve as

---

[5] After Mr. Tubens filed his pro se motion, the court appointed an attorney for him.  His counsel supplemented his motion but did not elaborate on Mr. Tubens' sentence enhancement argument.

the basis for a sentence reduction under § 3582(c)(1)(A)(i)."  Id. at 1048.  Instead, the court must look at "the combination of such a sentence and a defendant's unique circumstances[.]"  Id.

Given that important caveat, the fact that Mr. Tubens would not have received a mandatory-minimum sentence of twenty years today does not qualify on its own as an extraordinary and compelling reason justifying early release.[6]  And his supplemental point that society's views on marijuana are changing does not add sufficient weight to his sentence disparity argument.  Even though some states have decriminalized marijuana, the substance remains illegal in other states and in the federal criminal statutes.

In attempt to bolster his argument, Mr. Tubens offers evidence of his efforts to rehabilitate.  He has maintained regular employment in prison and has completed a variety of educational, personal, fitness, and religious study courses.  And Mr. Tubens' prison disciplinary record shows that, apart from a few minor infractions in 2014, he has had no disciplinary issues.  Still, while Mr. Tubens' employment, education, and disciplinary record at the prison are commendable, they are not unusual and do not add much to his position.

The court finds that Mr. Tubens' individual circumstances in combination with Congress' non-retroactive limits on sentence enhancements and society's evolving views on marijuana do not establish extraordinary and compelling reasons for release.  "Cases in which [a defendant's individual] circumstances warrant a finding of 'extraordinary and compelling reasons' should be relatively rare."  United States v. Maumau, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, J., concurring).  Mr. Tubens does not fall within that rare exception.

---

[6] Incidentally, the record does not support Mr. Tubens' assumption that he would receive a 10-year sentence now.  Mr. Tubens' recommended sentence guideline range was 30 years to life. The sentence enhancement was but one factor that led to that calculation.  Mr. Tubens' personal criminal history and other circumstances increased the mandatory minimum sentence by ten years.

**<u>Conclusion</u>**

Mr. Tubens' COVID-19 concerns, his medical history, his self-improvement, his productive use of time in prison, and societal views on marijuana, alone or in combination with Congress' modification of sentence enhancements under § 841(b)(1)(A), do not establish extraordinary and compelling reasons to reduce his sentence to time served.  Accordingly, the court denies his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 124).

SO ORDERED this 4th day of May, 2022.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge

9