IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PETER ANTONIO TUBENS,<br><br>　　　　　Defendant. | **ORDER AND MEMORANDUM DECISION DENYING MOTION TO REDUCE SENTENCE AND DENYING MOTION TO APPOINT COUNSEL**<br><br>Case No. 2:11-cr-00579-TC<br><br>Judge Tena Campbell |

　　　　Defendant Peter Antonio Tubens was convicted by a jury of one count of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 240 months in the custody of the Bureau of Prisons.  (See Judgment, ECF No. 72.) The Tenth Circuit affirmed that judgment.  United States v. Tubens, 765 F.3d 1251, 1252 (10th Cir. 2014).  Mr. Tubens then moved to reduce his sentence, which the court denied.  (Order, Aug. 6, 2015, ECF No. 95.)  The Tenth Circuit agreed that the court could not reduce Mr. Tubens's sentence, holding that Mr. Tubens was subject to a 20-year mandatory minimum and that therefore this court had no jurisdiction to consider his motion.  United States v. Tubens, 644 F. App'x 861, 862 (10th Cir. 2016).

　　　　Mr. Tubens then filed a habeas petition under 28 U.S.C. § 2255 asking the court to modify his sentence, arguing that his counsel was ineffective.  The court disagreed (see Order, Nov. 28, 2016, ECF No. 14 in Case No. 2:15-cv-659) and the Tenth Circuit denied Mr. Tubens's request for a Certificate of Appealability.  United States v. Tubens, 691 F. App'x 507, 510 (10th

1

Cir. 2017). Mr. Tubens then filed another motion to reduce his sentence, which the court construed as a successive petition under 28 U.S.C. § 2255 and denied. (Order, Dec. 6, 2016, ECF No. 116.) Two years later, Mr. Tubens appealed the court's original judgment. Finding that the request was untimely, the Tenth Circuit dismissed the appeal. United States v. Tubens, No. 18-4167 (10th Cir. Dec. 6, 2018).

Additional post-conviction motions followed. On November 14, 2019, Mr. Tubens filed another petition under 28 U.S.C. § 2255, which the court forwarded to the Tenth Circuit as a successive petition. (Order, Nov. 15, 2019, ECF No. 2 in Case No. 2:19-cv-907.) Mr. Tubens then filed a motion for compassionate release under the First Step Act, which the court denied. (Order, Apr. 8, 2021, ECF No. 127; Order, May 4, 2022, ECF No. 142.)

Mr. Tubens now files a motion to reduce his sentence in which he argues that the court should reconsider his criminal history score due to the expungement of certain state crimes. (Mot. Modify Sentence, ECF No. 145.) In addition, Mr. Tubens moves the court to appoint counsel. (Mot. Appoint Counsel, ECF No. 146.)

But Mr. Tubens has not presented evidence that these expungements would affect his criminal history score. Specifically, Mr. Tubens attaches records stating that certain Pennsylvania state charges have been expunged. (ECF No. 145 at 2–8.) These charges for receipt of stolen property, unauthorized use of vehicles, theft, assault, and violations of Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act are related to conduct that occurred on February 22, 2000; April 6, 2000; and January 2, 2006.

In Mr. Tubens's Presentence Investigation Report (PSR), his criminal history was calculated as follows: 3 points for a conspiracy drug charge in Texas in 1994; 3 points for a 1998 Pennsylvania conviction concerning the manufacture, delivery, and possession of a

controlled substance; 3 points for a 1998 Pennsylvania conviction on similar charges; 3 points for making a false report to law enforcement in 2006 in Delaware; and 2 points for a 2011 falsification to authorities in Pennsylvania. (PSR ¶¶ 32–36, ECF No. 141-1.) The court finds no overlap between these crimes and the charges for which Mr. Tubens presents evidence of expungement. Indeed, the now-expunged charges are accounted for in paragraphs 46 to 48 of Mr. Tubens's PSR and did not count towards his criminal history score. (See id. ¶¶ 46–48.)

In any event, Mr. Tubens does not cite any authority which would allow the court to reduce his sentence due to the expungements of past state convictions. The Tenth Circuit has previously instructed this court that it does not have jurisdiction to consider a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), given that Mr. Tubens was subject to a 20-year mandatory minimum at the time of sentencing and there have been no changes to that minimum that apply retroactively. Tubens, 644 F. App'x at 862; (see also ECF No. 139 at 6 (finding that the First Step Act changed certain sentencing enhancements but did not apply those changes retroactively)). And, given these circumstances, the court finds no extraordinary and compelling reasons that would warrant a sentence reduction under 18 U.S.C. § 3582(c)(1).

Accordingly, the court denies Mr. Tubens's motion to modify his sentence and denies his motion to appoint counsel.

## ORDER

For the reasons stated above, the court orders as follows:

1. Mr. Tubens's Motion to Modify Sentence (ECF No. 145) is DENIED.

2. Mr. Tubens's Motion to Appoint Counsel (ECF No. 146) is DENIED.

DATED this 10th day of December, 2024.

BY THE COURT:

_____
Tena Campbell
United States District Judge